ALVIN B. GOODWIN, for the benefit of ELWELL, PICKARD

AND COMPANY

*vs.*

BETHEL STEAM MILL COMPANY.

Oxford.    Opinion December 2, 1884.

*Order.    Trustee process.*

The defendants accepted an order "subject to a final settlement" between themselves and the drawer. *Held:* That they were entitled to deduct from the amount otherwise due, a sum which they were legally holden to pay upon an execution of a third party against the drawer as principal and themselves as trustees, the service upon them as trustees having been made when the order was accepted.

ON REPORT on agreed statement of facts.

Assumpsit on defendants' acceptance of an order of Charles W. Pierce, dated September 13, 1879, for fifty dollars and seven cents.

The opinion states the material facts.

*S. F. Gibson,* for the plaintiff.

*A. E. Herrick,* for the defendants.

PETERS, C. J.    One C. W. Pierce drew an order on the defendants in favor of the plaintiff, saying, "Please pay the above order . . . . if that amount is due me from your company." The order was accepted in these words: "Accepted

subject to . . . final settlement between the Steam Mill Company and C. W. Pierce. "

It turns out that there was, at the date of the acceptance, a trustee suit pending against Pierce in favor of some other party, in which suit the defendants had been already trusteed. They were regularly holden in the suit, and paid over upon execution, all that was in their hands.

The single question of the case is whether the defendants, in defense of a suit against them upon the acceptance, can bring into their account with Pierce, the amount thus paid at the requirement of the law. We have no doubt upon the question. The lien established by the attachment preceded the acceptance, and the acceptance became subordinated to it.

The plaintiff complains that he had no notice to appear at the disclosure as a claimant of the fund. His appearance would have availed nothing. The case admits that the defendants were properly charged. The defendants took the risk of making a correct disclosure, and of being legally held. Had the acceptance preceded the attachment, the plaintiff would have a cause for complaint. As it is, he has none.

*Plaintiff nonsuit.*

WALTON, VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.